# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY MICHAEL PEAKER,<br><br>      Plaintiff,<br><br>v.<br><br>JON LITSCHER, RANDALL HEPP, CHRIS KRUEGER, JOHN MAGGIONCALDA, STEVE BETHKE, T. KISER, C. WHITMAN, ROBERT FRANKS, STEVEN L. SISBACH, W. WEISENSEL, DAVID BERKHAHN, J. LABELLE, PETE GALLUM, RANDY MATTISON, and JOHN/JANE DOES,<br><br>      Defendants. | Case No. 19-CV-293-JPS<br><br><br>**ORDER** |

    Plaintiff Anthony Michael Peaker, who is proceeding *pro se*, filed a complaint alleging violations of his constitutional rights when he was subjected to poor conditions of confinement as an inmate at Fox Lake Correctional Institution. (Docket #1). Plaintiff has since been released from confinement. In addition to his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket #2). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).[1] The PLRA requires the Court to assess an initial partial

---

[1]Plaintiff initiated this action while a state prisoner, so the PLRA applies to him notwithstanding his recent release from incarceration. *See* 28 U.S.C. § 1915A(c) (a "prisoner" subject to the PLRA includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

filing fee ("IPFF") of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2).

Along with his complaint, Plaintiff filed a copy of his prison trust account statement for the three-month period immediately preceding the filing of the complaint. (Docket #8). That statement corresponded with his period of confinement. *See id.* However, Plaintiff was released from confinement on March 28, 2019, and provided a notice of change of address to the Court. (Docket #9). Based on his release from prison, the Court ordered Plaintiff to file an updated motion for leave to proceed without prepayment of the filing fee by July 8, 2019. (Docket #10). The Court warned that the case would be dismissed for failure to prosecute if he did not comply. *Id.* at 2.

The July 8, 2019 deadline has come and gone, and Plaintiff has failed to file an updated motion for leave to proceed without prepayment of the filing fee. The case will be dismissed for failure to prosecute or comply with the Court's order. Civ. L.R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

---

probation, pretrial release, or diversionary program"); *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge